# COURT OF ERRORS AND APPEALS

OF THE

## .STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

NOVEMBER TERM, 1917

---

ELLEN WHOLEY, complainant-respondent,

*v.*

JEREMIAH SULLIVAN, defendant-appellant.

[Submitted December 15th, 1917.   Decided March 4th, 1918.]

A deed of conveyance made by an aged, infirm and ignorant grantor under an erroneous impression as to its legal effect created by independent advice, upon which she was entitled to and did in fact rely, will be set aside if such facts are established by convincing proof.

---

On appeal from a decree of the court of chancery advised by Advisory Master Fielder.

*Messrs. Benny & Cruden,* for the appellant.

*Mr. James H. Dougherty,* for the respondent.

539

The opinion of the court was delivered by

GARRISON, J.

The decree set aside a conveyance made by the respondent to the appellant in consideration of board, lodging and care during the grantor's life. There is no question of fraud or undue influence; the conduct of the appellant throughout was open and fair. There is no question of absence of independent advice. In addition to private conferences with Judge Robertson, who was her own legal adviser, the respondent was counselled by a Mr. O'Brien, an old friend and business adviser, who was called in for that purpose at the suggestion of Judge Robertson. The respondent was old, infirm, deaf, unable to read, and incapable of determining for herself the legal effect of her deed taken in connection with a declaration of trust made by the grantee. She swears that her understanding was that the title remained in her until her death. Standing by itself this testimony would be far from convincing. It is, however, corroborated by cogent testimony, notably that of appellant's witness O'Brien, who says that when asked by Judge Robertson to explain the deeds to the respondent he did so under the impression that the property could not be sold until she died. This testimony was amplified upon cross-examination as follows:

"Q. You said that you were under the impression that Sullivan could not do anything with the property until after her death?
"A. Yes, sir.
"Q. And isn't that the way you explained it to Mrs. Wholey?
"A. Yes, sir.
"Q. And that is the only way you could have explained it?
"A. Yes, sir."

The learned advisory master, with the parties and witnesses before him, accepted this testimony as clear and convincing proof upon which to set aside the deed of conveyance, which he advised upon terms from which neither party has appealed. In the conclusion thus reached we concur.

The decree of the court of chancery in the respects in which it is challenged by the petition of appeal is affirmed, with costs.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.